UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND D. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-1132 AGF |
| | ) | |
| BRENDA SHORT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Raymond D. Cooper brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the multiple motions of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF Nos. 2, 5, 7. However, while incarcerated, Plaintiff has brought three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motions for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

**Case Background**

Plaintiff initiated this action with a hand-written pleading complaining about the conditions of confinement at Jefferson County Jail. ECF No. 1. On October 31, 2022, Plaintiff filed a similar hand-written amended complaint. ECF No. 4. Soon after, the Court issued an Order directing the Clerk of Court to send Plaintiff court forms and directing Plaintiff to file an amended complaint on the court-provided form. ECF No. 3. Plaintiff filed a second amended complaint on the court-provided form on November 15, 2022. ECF No. 6. Because the filing of an amended complaint completely replaces all previously filed complaints, the second amended complaint is the operative

complaint in this matter. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint [supersedes] an original complaint and renders the original complaint without legal effect").

## Plaintiff's Background

On March 17, 2021, Plaintiff Raymond D. Cooper (also known as Raymond D. Boyd) was indicted in this United States District Court for the offenses of solicitation of child pornography and transfer of obscene material to a minor. *See U.S. v. Raymond D. Cooper*, No. 4:21-CV-190-SEP-1 (E.D. Mo. 2021). At present, those charges remain pending and Plaintiff is being held in custody at the Jefferson County Jail. *See id.* at ECF No. 100 at 6.

## The Second Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against the Jefferson County Jail Administrator, Brenda Short, in both her individual and official capacities. ECF No. 6 at 3. Plaintiff complains that Short has responded to his use of the inmate grievance procedure at the Jefferson County Jail by "imposing a[n] Administrative restriction on [his] use of the grievance procedures unhindered." *Id.* at 6. In a grievance denial dated October 22, 2022, Short told Plaintiff that he would be limited to filing one grievance complaint per week in the future, due to his "numerous and frivolous complaint filings." *Id.* at 7. Short warned that violations of this grievance limit would result in Plaintiff being "given a violation and possible lockdown and/or loss of all privileges." *Id.* Plaintiff alleges that this is an unconstitutional restriction on his First Amendment right to redress.

Plaintiff also complains about other jail policies such as accommodations for Christian Bible study and an alleged "blanket ban on news broadcasts." *Id.* at 9. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 10.

**Discussion**

Plaintiff is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). The three strikes rule applies to pretrial detainees. *See Banks v. Hornak*, 698 F. App'x 731, 735-36 (4th Cir. 2017) (finding plaintiff in custody on pending criminal charges a "prisoner" within the meaning of § 1915); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) ("Pretrial detainees are 'prisoners' for purposes of the [Prison Litigation Reform Act] because they are in custody while 'accused of ... violations of criminal law,'" as defined in 28 U.S.C. § 1915(h)). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

When asked about previous lawsuits on the form complaint, Plaintiff responded that he had not filed "in Jefferson County" any other lawsuits relating to conditions of confinement. ECF No. 6 at 14. However, the three strikes rule is not limited to cases filed concerning a single County or Jail.

Based on a review of cases filed by Plaintiff in this Court, Plaintiff has accumulated three strikes. In *Cooper v. Ste. Genevieve County Jail*, No. 1:21-CV-80-SNLJ (E.D. Mo. 2021), Plaintiff claimed that the Ste. Genevieve Jail and the United States Marshals Service violated his civil rights

by housing men and women separately. This case was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on August 12, 2021. *Id.* at ECF Nos. 10-11. In *Cooper v. Gelfand*, No. 4:22-CV-232-SEP (E.D. Mo. 2022), Plaintiff sued his criminal defense attorney for allegedly violating his Sixth Amendment rights. This case was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on May 26, 2022. *Id.* at ECF Nos. 7-8. Finally, in *Cooper v. Feeney*, No. 2:22-CV-18-MTS (E.D. Mo. 2022), Plaintiff claimed that a police officer and FBI agent had stolen his intellectual property online. This case was dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on July 18, 2022. *Id.* at ECF Nos. 9-10. Plaintiff filed the instant action about three months after this third strike.

As a result, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g). Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Here, Plaintiff does not assert that he is in imminent danger. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that his First Amendment right to redress is being violated by a Jail limitation of one grievance filing per week. However, the Court notes that prisoners have no federally-protected right to a particular grievance system, or to have prison officials entertain their grievances. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). A prison grievance system "is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does

not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Id.* (internal quotation omitted); *see also Flick v. Alba,* 932 F.2d 728 (8th Cir. 1991).

Overall, nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing.  Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny all of Plaintiff's motions to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's third motion for leave to proceed *in forma pauperis* [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 8] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 26th day of January, 2023.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE